IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| RICKY MANDERS; EDDIE GEIGER; DENNIS SHAFFER; AUSTIN ORR; and DERRICK TOLBERT, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) )   CV 125-181 |
| CAPTAIN DANIELS, et al., | ) ) ) |
| Defendants. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiffs, detained at the Charles B. Webster Detention Center ("the Jail") in Augusta, Georgia, have submitted to the Court for filing a civil complaint. Plaintiffs are proceeding *pro se*, and only Plaintiff Manders has filed a motion to proceed *in forma pauperis* ("IFP"). (Doc. no. 3.) No filing fee has been paid.

**I.   Background**

Generally, Plaintiffs' complaint raises claims under 42 U.S.C. § 1983 regarding their conditions of confinement. The complaint alleges that in H-Pod / MMED at the Jail, there is black mold in the showers and vents, unsanitary conditions - as well as foundational, plumbing, and electrical issues - in the housing unit, safety concerns regarding the types of inmates housed together, and insufficient meals provided only twice per day. (Doc. no. 1, pp. 7-8.) Plaintiffs report filing grievances about these issues, to no avail. (Id.) Plaintiffs each seek $15,000,000 in damages. (Id. at 9.)

**II.     Discussion**

The Eleventh Circuit has considered the issue of whether "the Prisoner Litigation Reform Act ["PLRA"] permits multi-plaintiff [IFP] civil actions." Hubbard v. Haley, 262 F.3d 1194, 1196 (11th Cir. 2001).  In Hubbard, the Eleventh Circuit noted that "the intent of Congress in promulgating the PLRA was to curtail abusive prisoner tort, civil rights and conditions of confinement litigation." Id. (citing Anderson v. Singletary, 111 F.3d 801, 805 (11th Cir. 1997)).  The Eleventh Circuit upheld a district court's dismissal of a multiple-prisoner/plaintiff lawsuit wherein the plaintiffs sought to proceed together IFP. Id. at 1198.  The Eleventh Circuit concluded "the PLRA clearly and unambiguously requires that 'if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of the filing fee.'" Id. at 1197 (citing 28 U.S.C. § 1915(b)(1)); see also Gandy v. Bryson, 799 F. App'x 790, 792 (11th Cir. 2020) (*per curiam*) (denying prisoner motion to intervene based on application of Hubbard reasoning that PLRA requires each prisoner proceeding IFP pay full filing fee).  As noted above, of the five Plaintiffs, only Plaintiff Manders filed a motion to proceed IFP, and no filing fee has been paid.

Allowing multiple prisoners to bring complaints in a single lawsuit circumvents the Congressional purpose in promulgating the PLRA. Id. at 1197-98.  That is, "[t]he modest monetary outlay will force prisoners to think twice about the case and not just file reflexively." Id. at 1198 (quoting 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl)).  The Eleventh Circuit held "the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee . . . ." Id.  Therefore, the "district court properly dismissed the multi-plaintiff action in this instance." Id.  However, the Court recognizes Plaintiffs are

2

proceeding *pro se* and will therefore give them an opportunity to proceed as individual Plaintiffs in separate cases.

### III.   Conclusion

In accordance with the procedure affirmed by the Eleventh Circuit in <u>Hubbard</u>, the Court **REPORTS** and **RECOMMENDS** the above-captioned case be **DISMISSED** without prejudice, and the **CLERK** be **DIRECTED** to file and docket the instant complaint in five new lawsuits, with the same filing dates and five separate case numbers.  The **CLERK** should be further **DIRECTED** to file Plaintiff Manders's IFP motion in the new case opened in his name.  Upon opening of the five new cases, each Plaintiff should have twenty-one days to submit a new complaint detailing only their individual claims against only the Defendants allegedly involved in the actions taken with respect to each individual Plaintiff.  Plaintiffs Geiger, Shaffer, Orr, and Tolbert should also be required to submit their own motion to proceed IFP within the same twenty-one-day period.

SO REPORTED and RECOMMENDED this 26th day of August, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA